Louis Scherer
vs.                               No. 85446.
Rhode Island Academy of
Beauty Culture

June 16, 1932.

FROST, J. Heard on defendant's motion for a new trial after verdict for plaintiff in the sum of $2,357.49.

This is a suit to recover money due on services alleged to have been rendered the defendant.

The defendant is a corporation of which James Sarubi is the president. Its business is conducted at 69 Brayton Avenue in the City of Providence. James Sarubi is also president of the J. Sarubi Company, a corporation dealing in barbers' supplies, &c. Its business is conducted on the first and second floors of the building in which the business of the Academy is conducted.

Scherer was employed by the J. Sarubi Company while he was living in Boston. He testified that Mr. Sarubi induced him to come to Providence to live in order that he might work for the Academy of Beauty Culture on

such evenings as there were sessions of the school. He said that he was promised 10% of the tuition paid by students and also 10% of the receipts for work done by the students of the school for customers. He testified that he was to be paid annually.

The period for which the plaintiff contends that he was entitled to be paid is approximately the two years beginning October 1, 1926.

The plaintiff testified that he was chairman of the Board of Directors of the defendant corporation. This was denied orally but not through the corporate records, which were not produced.

Whether the plaintiff was employed by the Academy of Beauty Culture, whether he did perform services for it, whether he was promised remuneration upon the basis and to the extent that he testified, were all questions of fact for the jury. The jury had the opportunity to see and study the witnesses that appeared for both sides, as well as to hear their testimony. The Court cannot say in this case that the jury was not justified in reaching the decision that it did reach upon the issue of liability. On the question of damages, it thinks that the amount rendered is not supported by the weight of the evidence.

The plaintiff testified to the number of scholars that he thought had attended the Academy during the period for which he was suing, also the average tuition paid by the students. His testimony was based in part upon his memory alone and in part upon his memory aided by a book which he had kept while performing the alleged services, but which he had left in the school when he severed his connection with the defendant corporation.

Miss Greene, secretary of the Academy, testified to certain figures taken from the defendant's books and records, giving in some cases figures for each month. She testified that the tuition received for the period in question was $13,911.17. She also said that $1,919.71 was received for work done upon and for customers.

It is true that there is the suggestion that the books were so kept as to intentionally misrepresent the true number of students and the amount of tuition, but that suggestion was not sufficiently supported to allow of its being given serious consideration.

The Court is clearly of the opinion that the damages awarded by the jury are not supported by the weight of the testimony.

Defendant's motion for a new trial is granted unless the plaintiff within five days remits so much of the verdict as is in excess of $1,709.52. If such remittitur be filed, the motion for a new trial is denied.

For plaintiff: Charles A. Kiernan.
For defendant: John L. Cannon.